UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE:

CASE NO.: 16-21608 JKO

EXCELIUM MANAGEMENT, LLC

Chapter 11

Debtor
_____/

**MOTION OF LANDLORD RADICE III, LLC FOR RELIEF FROM THE AUTOMATIC STAY, OR IN THE ALTERNATIVE, AN ORDER GRANTING ADEQUATE PROTECTION AND COMPELLING PAYMENT OF ADMINISTRATIVE RENT**

RADICE III, LLC , a Florida limited liability company ("Landlord"), and a creditor herein, through its undersigned attorneys, moves that this honorable court to enter an order granting it relief from the automatic stay, or in the alternative, adequate protection and compelling payment of administrative rent, and in support thereof would show:

1. This motion is brought pursuant to 11 U.S.C. §365(c)(3), §365(d)(3), as well as §362(d) and Bankruptcy Rules 6006 and 4001(a).

2. Debtor, EXCELIUM MANAGEMENT, LLC, filed its voluntary petition under chapter 11 of the Bankruptcy Code on August 24, 2016.

3. The creditor, Landlord, is the owner of the commercial real property located at 1000 Corporate Drive, Suites 500 and 600, Fort Lauderdale, FL 33334, of which the Debtor has leased approximately 40,412 square feet of space. A copy of the Lease, First Amendment to Lease and Second Amendment to Lease are attached hereto as Composite Exhibit "A" (collectively the "Lease").

4. On April 28, 2016 Landlord commenced an eviction action against Debtor in the County Court for the 17th Judicial Circuit, in and for Broward County, Florida bearing Case No.

COCE16008989 due to Debtor's non-payment of Rent ("Eviction Action").

5. On May 24, 2016 Landlord and Debtor entered into a Stipulation for Settlement in the Eviction Action ("Stipulation"). A copy of the Stipulation is attached hereto as Exhibit "B." Pursuant to the Stipulation the Debtor acknowledged being in arrears in the payment of rent and other charges due under the Lease in the amount of $370,844.89 through June 30, 2016.

6. In consideration for Landlord forbearing from evicting the Debtor at that time, Debtor agreed pursuant to Section 10 of the Stipulation to waive the automatic stay protection imposed by Section 362 of the Bankruptcy Code to enable the Landlord to enforce its rights under the Stipulation and Florida Law.

7. The Stipulation was amended pursuant to that certain First Amendment to Stipulation for Settlement dated June 13, 2016 ("First Amendment") and that certain Second Amendment to Stipulation for Settlement dated July 27, 2016 ("Second Amendment"). Copies of the First Amendment and Second Amendment are attached hereto as Composite Exhibit "C." Section 10 of the Stipulation which provides for the waiver of the automatic stay protection was ratified by the Debtor in the First Amendment and Second Amendment and remains in full force and effect.

8. Debtor breached the Stipulation as amended by the Second Amendment by failing to make the $25,000.00 payment due on Friday August 5, 2016. Debtor is arrears in the payment of rent and other charges due under the Lease in the amount of $338,288.19.

9. On Monday August 8, 2016, Landlord served Debtor with a Notice of Default under the Stipulation as amended. Debtor filed this bankruptcy proceeding on Wednesday, August 24, 2016.

10. The Premises leased by Debtor constitute two full floors of Landlord's building.

Debtor's possession of the Premises, without any payment of rent is prejudicial to Landlord, and has resulted in economic loss. Furthermore, the Landlord has mortgage obligations that are impacted by Debtor's failure to make its rental payments when due.

11. Landlord desires stay relief to proceed with its Eviction Action so that it can re-lease the Premises as soon as possible.

12. Debtor's pre-petition waiver of stay relief pursuant to Section 10 of the Stipulation is enforceable by this Court for the following reasons: (1) Debtor is a sophisticated party and was represented by counsel at the time it entered into the Stipulation for Settlement and amendments thereto; (2) the consideration for the waiver was Landlord's forbearance from the Eviction Action; (3) based on Debtor's Voluntary Petition, Form 204, Landlord is the largest creditor and there are only 6 creditors listed; and (4) debtor does not have the ability or a feasible plan to pay administrative rent. *See, In Re Bryan Road LLC,* 382 B.R. 844 (S.D. Fla. 2008); and *In re Excellsior Motorcycle Manufacturing Company, Inc.,* 273 B.R. 920 (S.D. Fla. 2002).

**WHEREFORE**, RADICE II, requests that this Court:

A. Grant Landlord relief from the automatic stay in order to effect the eviction of the Debtor and to gain possession of the Premises, or in the alternative,

B. Order adequate protection and regular monthly administrative rental payments.

Dated: September 19, 2016.

### CERTIFICATION PURSUANT TO LOCAL RULE 9011-4(B)

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rules 2090-1(A).

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that at true and correct copy of the foregoing has been furnished electronically to all those listed on the creditor matrix this 19th day of September, 2016.

        WARREN & GRANT, P.A.
        Attorneys for Landlord
        4440 PGA Blvd., Suite 200
        Palm Beach Gardens, FL  33410
        Telephone:    (561) 681-9494
        Facsimile:    (561) 681-9436

By: /s/ Richard B. Warren
        RICHARD B. WARREN, ESQ.
        Fla. Bar No: 0326089