UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

**EXCELIUM MANAGMENT, LLC**

Debtor.

_____/

Case No.: 16-21608-BKC-JKO
Chapter 7
(Converted)

### <u>SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*</u>
**(DOCUMENTS MAY BE PRODUCED IN LIEU OF APPEARANCE)[1]**

**To:** **Sabina Faruqui**
**2505 Montclaire Circle**
**Weston, FL 33327**

■ ■ *Production:* **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:
**See Attached Schedule "A"**

| PLACE: Bast Amron LLP | DATE AND TIME: |
|---|---|
| Suntrust International Center | Friday December 16, 2016 |
| One Southeast Third Ave., Suite 1400 | 5:00 p.m., E.S.T. |
| Miami, FL 33131 | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _12/6/16_____

CLERK OF COURT                    OR

_____            _____
Signature of Clerk or Deputy Clerk           Attorney's signature

_____            _____

The name, address, email address, and telephone number of the attorney representing Scott N. Brown, as Chapter 7 Trustee for the Estate of Excelium Management, LLC who issues or requests this subpoena, are:
Scott N. Brown, Esq.: One Southeast Third Ave., Suite 1400, Miami, FL 33131; sbrown@bastamron.com;(305)379-7904

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

[1] The Trustee reserves the right to Notice a Rule 2004 Examination at a later date following his receipt and review of responsive documents. Accordingly, this Subpoena shall remain in full force and effect.

00418447.DOCX

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any): <u>Sabina Faruqui, 2505 Montclaire Circle, Weston, Florida</u>
<u>33327 on December 6, 2016</u>

☒ I served the subpoena by delivering a copy to the named person as follows: **Via electronic transmission per**
 **agreement on December 6, 2016**
 _____ .

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

 My fees are $ _____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date:  _12/6/16_____

_____
Server's signature

Diane Timpone, Paralegal
Printed name and title

One Southeast Third Avenue, Suite 1400, Miami, FL 33131
Server's address

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

## SCHEDULE "A"

**DEFINITIONS:**

For purposes of responding to *duces tecum* request, the following definitions shall apply.

1.      "Debtor" or "EM" means Excelium Management, LLC, and its officers, directors, shareholders, employees, agents, attorneys, accountants and representatives.

2.      "You," "Your," or "Yours" means Sabina Faruqui and/or her agents, attorneys, accountants, and representatives.

3.      "Petition Date" means August 24, 2016.

4.      "Petition" means the voluntary bankruptcy petition the Debtor filed on August 24, 2016, which commenced this case.

5.      "Appointment Date" means September 30, 2016.

6.      "Conversion Date" means October 11, 2016.

7.      "Trustee" means Scott N. Brown, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of the Debtor.

8.      "Document" or "documents" as used herein shall man the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes,

voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site, including "deleted" files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including the hard drives or floppy disks and their backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROMS's) or otherwise, whether such files have been reduced to paper printouts or not. This includes but is not limited to E-mails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all CAD (computer aided design) files, including drafts and revision; all presentation data or slide shows produced by presentation software (such as Microsoft Power Point); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and Personal Information Management (PIM) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of Personal Data Assistants (PDA's), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows CE-based or Pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and "cookies" files and all backup storage media, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

9.    "And" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

10.    "Any" means one or more.

11.    "Describe," "discuss," "analyze," "describing," "discussion," or "analyzing," mean any document that, in whole or in part, characterizes, delineates, explicates, deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.

12.    "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

13.    "Relate to" and "relating to" mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

14.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

15.     Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

16.     "Year" means calendar year.

17.     Unless otherwise specified, the time period for the documents requested herein is for the period from January 1, 2014 through the date that You respond to this Subpoena.

## PLEASE PROVIDE COPIES OF:

1.      All documents detailing, describing, evidencing, relating to or referring to the business relationship between You and the Debtor, including, but not limited to, complete and unredacted copies of all contracts and agreements of any type between You and the Debtor.

2.      All documents detailing, describing, evidencing, relating to, or referring to the nature of Your business relationship with the Debtor.

3.      All documents detailing, describing, evidencing, relating to, or referring to the duties performed by You for the Debtor.

4.      All communications or correspondence of any type between You and the Debtor.

5.      All documents evidencing, relating to, or referring to any direct or indirect compensation You received from or on behalf of the Debtor, and all documents evidencing the calculation and/or bases for same including, but not limited to, IRS Forms W-2 and 1099, expense reports and employment contracts.

6.      All documents evidencing, relating to, or referring to any and all funds received by You from the Debtor, including, but not limited to, copies of the underlying checks, wire transfer instructions and confirmations, debit memos, bank and or cashier checks, cash, transfers to online merchant accounts including, but not limited to, PayPal and all other documentation evidencing funds disbursed to You from the Debtor.

7.      All documents evidencing, relating to, or referring to any direct or indirect payments made by the Debtor on Your behalf including, but not limited to, copies of the underlying checks, wire transfer instructions and confirmations, debit memos, bank and or cashier checks, cash, transfers to online merchant accounts including, but not limited to, PayPal, bills of sale, receipts, credit card statements and all other documentation evidencing funds direct or indirect funds disbursed on your behalf by the Debtor.

8.      All documents evidencing, relating to, or referring to any and all funds paid by You to the Debtor, together with all documents evidencing the bases for said payments.

9.      All documents evidencing, relating to, or referring to any and all funds paid by You on the Debtor's behalf, together with all documents evidencing the bases for said payments.

10.     Copies of all cancelled checks, wire transfer instructions and confirmations, cash receipts, and the like evidencing any payments made by You to the Debtor or on the Debtor's behalf.

11.     All documents evidencing, relating to, or referring to any and all credit and/or charge cards issued in Your name for which the Debtor made payments, together with copies of all documents evidencing such payments, including, but not limited to, copies of the underlying checks, wire transfer instructions and confirmations, cash receipts, and the like.

12.     All documents evidencing, relating to, or referring to any and all payments made by You to the Debtor as reimbursement for personal charges made by You or an authorized user for any credit and/or charge cards issued in Your name for which the Debtor made payments.

13.     All documents evidencing, relating or referring to any transfers of property by or on behalf of the Debtor to You.

14.     All documents evidencing, relating or referring to any transfers of property of the Debtor to You.

15.     All communications or correspondence of any type between You and any third party in any way relating to the Debtor.

16.     All documents evidencing, relating to, or referring to the Debtor's financial condition including, but not limited to, financial statements (both internal and independently prepared), financial affidavits, loan applications and tax returns.

17.     All documents evidencing, relating to, or referring to the Debtor's finances including, but not limited to, promissory notes, letters of delinquency and non-payment and judgments.

18.     All documents evidencing, relating to, or referring to the business of the Debtor.

19.     All documents evidencing, relating to, or referring to the $480,114.45 receivable due from the Chhabra Family to the Debtor as reflected on Line 71 of the Debtor's Amended Schedule "A/B" (ECF No. 106).

20.     All documents detailing, describing, evidencing, relating to, or referring to any financing provided either directly or indirectly by the Debtor to You or for Your benefit with respect to Your purchase of the real property located at 2505 Montclaire Circle, Weston, FL 33301 and any consideration received by the Debtor in exchange.

21.     All documents evidencing, relating to, or referring to Your purchase of the real property located at 2505 Montclaire Circle, Weston, FL 33301.

22.     All documents evidencing, relating to, or referring to Your sale of the real property located at 2505 Montclaire Circle, Weston, FL 33301.

23.     All documents evidencing, relating to, or referring to payments made by the Debtor to Sagemont School for the benefit of You and/or Your children.

24.     All documents detailing, describing, evidencing, relating to, or referring to the Debtor's receipt of $17 Million from or on behalf of Law Firm Headquarters, LLC on or about July 21, 2015.

25.     All documents detailing, describing, evidencing, relating to, or referring to the disbursement and disposition of the $17 Million in funds received by the Debtor from or on behalf of Law Firm Headquarters, LLC on or about July 21, 2015.

26.     All documents detailing, describing, evidencing, relating to, or referring to the business purpose of the disbursement on or around September 10, 2015 in the amount of $862,500 from Albert Lazo, P.A. Trust Account to Asset Equity Capital Group.

27.     All documents detailing, describing, evidencing, relating to, or referring to the business purpose of the disbursement on or around October 1, 2015 in the amount of $350,000 from Albert Lazo, P.A. Trust Account to Fidelity Health, PNC.

28.     All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Michael Chhabra.

29.     All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Vincent Chhabra.

30.     All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and VC Management & Consulting, LLC.

31.     All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Diane Sugimoto.

32.     All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Ghen Sugimoto.

33.     All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and David Hammer.

34.     All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Mitch Hammer.

35.     All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Goutam Jain.

36.     All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Ronald Lasorsa.

37.     All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and American High School, LLC.

38.     All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Napoli Shkolnik, PLLC.

39.     All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Bramzon & Associates f/k/a Voight & Associates Specialty Litigation, LLC.

40.    All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Alpha Law LLP.

41.    All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Sigma Law Firm, LLP.

42.    All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Pegasus Law, LLP.

43.    All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Martindale Voight.

44.    All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Fidelity Health PNC, LLC.

45.    All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Key Legal Services, LLC.

46.    All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Biz Data Solutions, LLC.

47.    All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Online Education Ventures, LLC.

48.    All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and CareHQ, Inc.

49.    All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and 3RX Consulting, LLC.

50.    All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Law Firm Headquarters, LLC.

51.    All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and PRGI, Inc.

52.    All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Excelium Foundation, Inc.

53.    All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Excelium Holdings, LLC.

54. All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Excelium International, Inc.

55. All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Excelium Media, LLC.

56. All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Excelium Tech, LLC.

57. All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Excelium Research, LLC.

58. All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Family Office, LP.

59. All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Asset Equity Capital, Inc.

60. All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Physician Preferred Pharmacy, Inc.

61. All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Funding Headquarters, LLC.

62. All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Steve Clark.

63. All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Kent Gross.

64. All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Mazin Sbaiti.

65. All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Ryan McDuffy.

66. All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Kaufman Lynn Construction.

67. All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Atalaya Capital Management, LP.

68. All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Intervisual Technology.

69. All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Intervisual Education Management.

70.     All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Selas Technologies, LLC

71.     All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and Albert J. Lazo, P.A.

72.     All documents detailing, describing, evidencing, relating to, or referring to the business relationship between the Debtor and SeilerShindel.

**The Trustee reserves the right to request additional documents as his investigation continues, as additional issues are uncovered, and as clarifications are required.**