# United States Bankruptcy Court
# Southern District of Florida

*In re Excelium Management, LLC*　　　　　　　　Case No. 16-21608

_____/

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee and Transferor hereby give evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice. Transferor waives its right to raise any objection to the transfer of the claim to Transferee, and Transferor waives its right to receive notice pursuant to Rule 3001(e), Fed. R. Bankr. P. of the transfer of the claim. Transferor consents to the substitution of Transferor by Transferee for all purposes in the above referenced bankruptcy cases with respect to the claim, including without limitation, for voting and distribution purposes. Transferor stipulates that an order of the Bankruptcy Court may be entered without further notice to Transferor transferring the claim to Transferee and recognizing Transferee as the sole owner and holder of the claim. Transferor hereby directs that all payments, distributions, notices and communications in respect of or with respect to the claim be made to Transferee.

Equity Trust Company Custodian FBO　　　　　Jeffrey Lerner
200326695 IRA
**Name of Transferee**　　　　　　　　　　　　**Name of Transferor**

Name and Address where notices to transferee　　Court Claim # (if known):  25
should be sent:　　　　　　　　　　　　　　Amount of Claim Transferred:  $1,214
Jonathan S. Feldman　　　　　　　　　　　　Date Claim Filed: November 23, 2016
200 S. Andrews Avenue, Suite 600
Fort Lauderdale, Florida 33301

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____  Date: 2/1/19
    Transferee/Transferee's Agent

By: ___Jeffrey Lerner_____  Date: 1/31/2019
    Transferor/Transferor's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## ASSIGNMENT OF CLAIMS AND RIGHTS AGREEMENT

ASSIGNMENT OF CLAIMS AND RIGHTS AGREEMENT ("Agreement") dated as of January ___, 2019 by and between Jeffrey Lerner ("Seller") and Equity Trust Company Custodian FBO 200326695 IRA ("Purchaser") (Seller and Purchaser are referred to herein collectively as the "Parties" and individually as a "Party").

### RECITALS

A. Excelium Management, LLC ("Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code on August 24, 2016 ("Petition Date"), Bankr. Case No. 16-21608 ("Proceeding").

B. Prior to the Petition Date, Seller performed certain services for the Debtor ("Services").

C. The Debtor owes Seller at least $1,214 in connection with the Services.

D. Seller filed a proof of claim in the Proceeding, Claim No. 25, as amended, in the amount of $1,214 ("Claim").

E. Purchaser desires to purchase from Seller, and Seller desires to sell to Purchaser, the Transferred Rights (as such term is defined below) on the terms and conditions set forth herein.

### AGREEMENT

In consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. <u>Seller's Claim</u>. Seller hereby represents and warrants to Purchaser as of the Effective Date (as defined below) that to the best of Seller's knowledge, the Claim is allowed or will be allowed as a priority unsecured claim in the amount of at least $1,214.

2. <u>Assignment of Seller's Claim</u>.

(a) In consideration of the mutual covenants and agreements in, and subject to the terms and conditions of, this Agreement:

(i) Seller irrevocably sells, transfers, assigns, grants and conveys the Transferred Rights to Purchaser with effect on and after the Effective Date; and

(ii) Purchaser irrevocably acquires the Transferred Rights with effect on and after the Effective Date.

(b) As used in this Agreement, the following terms shall have the meanings set forth below:

"Transferred Rights" means all of Seller's right, title and interest in, to and under:

(i) the Claim and any right to receive any cash or other property which may be paid or distributed solely by the Debtor or on the Debtor's behalf in satisfaction of the Claim; and

(ii) Any claim, defense or right of any kind relating to the Claim that the Debtor may raise;

(iii) Notwithstanding any other term of this Agreement, the sale and assignment of the Transferred Rights shall be deemed an absolute and unconditional assignment of the Transferred Rights for the purpose of collection and satisfaction of the Claim solely against the Debtor; and

(iv) Transferred Rights shall exclude any right or claim that Seller may have against any third-party that may relate to the Debtor ("Third Party Claim") or any collateral source that Seller may seek collection on such Third Party Claim. This exclusion additionally applies to any and all judgments obtained by the Seller through the date of this agreement and any such judgment that is obtained thereafter against any party other than the Debtor.

3. Purchase Price.

(a) The consideration paid by Purchaser to Seller to acquire the Transferred Rights is ("Purchase Price").

4. Conditions Precedent.

(a) Purchaser's obligations to pay the Purchase Price to Seller and to acquire the Transferred Rights on the Effective Date shall be subject to the conditions that:

(i) Seller's representations and warranties in this Agreement shall to the best of Seller's knowledge be true and correct on the Effective Date; and

(ii) Purchaser shall have received (A) this Agreement duly executed on behalf of Seller, and (B) the Notice of Transfer of Claim in the form attached hereto as Exhibit B, duly executed on behalf of Seller, to be filed by Purchaser with the Bankruptcy Court under Bankruptcy Rule 3001(e) (the "Notice of Transfer") (the documents referenced in clauses (A) and (B), the "Assignment Documents").

(b) Seller's obligation to sell, transfer, assign, grant, and convey the Transferred Rights to Purchaser on the Effective Date shall be subject to the conditions that:

(i) Purchaser's representations and warranties in this Agreement shall be true and correct on the Effective Date; and

(ii) Seller shall have received (A) this Agreement duly executed on behalf of Purchaser and (B) payment of the Purchase Price from Purchaser.

2

5.  Mutual Representations of Seller and Purchaser. Each Party represents and warrants to the other Party, as of the Effective Date that:

(a) They have full power and authority to execute and deliver this Agreement;

(b) Each Party is aware that the Purchase Price may differ both in kind and amount from any distributions ultimately made in the Proceeding; and

(c) Each Party has adequate information concerning the Transferred Rights to make an informed decision regarding the purchase and sale of the Transferred Rights, and such Party has independently and without reliance on the other Party, and based on such information as such Party has deemed appropriate, made its own analysis and decision to enter into this Agreement, except that such Party has relied on the other Party's express representations, warranties, covenants, agreements and indemnities in this Agreement.

6.  Additional Representations, Warranties and Covenants of Seller. Seller represents and warrants to Purchaser and to Purchaser's successors and assigns as of the Effective Date that:

(a) Seller has not received any payment from any third-party to reduce or satisfy the Claim;

(b) Seller has not previously sold, conveyed, transferred, assigned, participated, pledged or otherwise encumbered the Transferred Rights, in whole or in part, to any party;

(c) To the best of Seller's knowledge, there are no offsets or defenses that have been asserted by or on behalf of the Debtor or any other party to reduce the amount of the Transferred Rights or to reduce the value of the Claim;

7.  Attorney-In-Fact; Settlement of Seller's Claim; Further Actions.

(a) Seller authorizes Purchaser to have full authority to act in Seller's name, place and stead, to demand, sue for, compromise and recover all such amounts which are, or may hereafter become, due and payable for or on account of the Transferred Rights herein assigned. Seller agrees that the powers granted in this paragraph are discretionary in nature and exercisable at the sole option of Purchaser. In the event an objection to the Claim is received, Seller shall take such further action, as reasonably requested, as may be necessary or desirable to assist Purchaser to uphold and defend the Claim and effect this Agreement and cause any payments or distributions on account of the Transferred Rights to be made to Purchaser including, without limitation, the execution of appropriate transfer powers, corporate resolutions, consents and powers of attorney.

(b) Seller shall not compromise or settle the Transferred Rights or change the Transferred Rights amount without the prior written consent of Purchaser.

(c) Seller further agrees that if Seller receives after the Effective Date any distributions on account of the Transferred Rights, such distributions shall constitute property of Purchaser to which Purchaser has an absolute right. Seller shall hold such property in trust and will deliver to Purchaser any such property in the same form received, together with any

3

endorsements or documents necessary to transfer such property to Purchaser within five business days of receipt in the case of cash and thirty business days in the case of securities.

8.  Miscellaneous.

(a) Further Assurances. Each of the Parties agrees to execute and deliver, or cause to be executed and delivered, all such instruments and documents (including, without limitation, any supporting documents evidencing the Transferred Rights), and to take all such action as the other Party may reasonably request, promptly upon the request of such other Party and at such requesting Party's expense, in order to effectuate the intent and purpose of, and to carry out the terms of, this Agreement and to cause Purchaser to become the legal and beneficial owner and holder of the Transferred Rights.

(b) Governing Law; Jurisdiction; Service of Process. The laws of the State of Florida shall govern this Agreement.

(c) Counterpart Execution. This Agreement may be executed in any number of counterparts, each of which, when so executed and delivered, shall be an original, but all of which, together, constitute one and the same instrument. Transmission by facsimile or electronic mail of an executed counterpart of this Agreement shall be deemed to constitute due and sufficient delivery of such counterpart.

(d) Substitution. Seller consents to the substitution of Seller by Purchaser for all purposes in the Proceeding. Purchaser agrees at its sole cost and expense to file each Notice of Transfer with the Bankruptcy Court promptly after the Effective Date.

(e) Notices and Payments. All payments by Purchaser to Seller shall be made by wire transfer of immediately available funds, in accordance with the wire instructions specified in Schedule 1.

(f) Integration. The Assignment Documents, together with any schedules and exhibits thereto, constitute the entire agreement and understanding between the Parties with respect to the subject matter hereof and supersede all prior agreements, understandings or representations pertaining to the subject matter hereof, whether oral or written. There are no warranties, representations or other agreements between the Parties in connection with the subject matter hereof except as specifically and expressly set forth herein.

(g) Amendments; Waivers. No amendment of any provision of this Agreement shall be effective unless it is in writing and signed by the Parties and no waiver of any provision of this Agreement, nor consent to any departure by either Party from it, shall be effective unless it is in writing and signed by the affected Party, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

IN WITNESS WHEREOF, the undersigned have executed and delivered this Agreement as of the date first stated above.

PURCHASER

_____
Equity Trust Company Custodian FBO 200326695 IRA

<u>SELLER</u>

    Jeffrey Lerner
_____
Jeffrey Lerner

# EXHIBIT A

# PROOF OF CLAIM

| Fill in this information to identify the case: | | FILED |
|---|---|---|
| Debtor 1    Excelium Managment, LLC | | **U.S. Bankruptcy Court** |
| Debtor 2 | | **Southern District of Florida** |
| (Spouse, if filing) | | 11/23/2016 |
| United States Bankruptcy Court    Southern District of Florida | | |
| Case number:  **16–21608** | | **Joseph Falzone, Clerk** |

## Official Form 410
# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**

Jeffrey N. Lerner

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Jeffrey N. Lerner
Name

825 Egret Circle, A206
Delray Beach, FL 33444

Contact phone ____561–699–2564____
Contact email ____JNL413@Hotmail.com____

**Where should payments to the creditor be sent?** (if different)

_____
Name

Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
                                                                                MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

---

Official Form 410                          Proof of Claim                          page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | | |
|---|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ | |
| 7. **How much is the claim?** | $ 1214.00 | **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Wages owed to me for working 40 hours per week from July 15, 2016 thru Aug. 23, 2016. | |
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ _____<br>**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable | |
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ | |
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ | |

Official Form 410                                   Proof of Claim                                   page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No<br>☑ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☑ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ 1214.00 |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  11/23/2016
MM / DD / YYYY

/s/ Jeffrey N. Lerner

Signature

Print the name of the person who is completing and signing this claim:

Name  Jeffrey N. Lerner
First name    Middle name    Last name

Title

Company
Identify the corporate servicer as the company if the authorized agent is a servicer

Address  825 Egret Circle, A206
Number  Street
Delray Beach, FL 33444
City   State   ZIP Code

Contact phone  561–699–2564    Email  JNL413@Hotmail.com

Official Form 410                                   Proof of Claim                                   page 3

**EXHIBIT B**

**NOTICE OF TRANSFER**

## SCHEDULE 1

## WIRE INSTRUCTIONS

**Seller's Wire Instructions:**


SWIFT CODE:
ABA:
BANK NAME:
CITY:
A/C:
ENTITY NAME:

10

## SCHEDULE 2

## NOTICE ADDRESSES

**Seller's Notice Address:**

davidfrank@whitelocklegal.com

**Purchaser's Notice Address:**

jfeldman@pbyalaw.com